UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WESLEY S. RICKS (#499599)

versus                                                      CIVIL ACTION NO. 25-617-SDD-RLB

GARY WESTCOTT, ET AL.

## RULING

This matter is before the Court on the Motion to Recuse[1] filed by Plaintiff Wesley S. Ricks ("Plaintiff"). Plaintiff, acting *pro se*, moves the Court to recuse Magistrate Judge Richard Bourgeois because Judge Bourgeois ordered him to pay the full $405.00 filing fee and found that Plaintiff was not in imminent danger.[2] Plaintiff contends these actions warrant Judge Bourgeois' removal from the case because he "cannot be a fair and impartial decisionmaker" which would result in "a coverup" due to Judge Bourgeois' "negligence."[3] Plaintiff further claims Judge Bourgeois "doesn't care" to investigate Plaintiff's claims because he "is a poor person who cannot pay $405.00."[4] Plaintiff seeks a "fair and impartial decisionmaker who stands in the light."[5]

---

[1] Rec. Doc. 6.
[2] *Id.* at p. 1.
[3] *Id.*
[4] *Id.* at p. 2.
[5] *Id.*

Plaintiff's motion will be denied for several reasons. First, Plaintiff has failed to address the appliable law on recusal and disqualification or demonstrate that the elements for recusal are met. Second, Plaintiff's *ad hominem* attacks on Judge Bourgeois are unsubstantiated and utterly baseless. Third, the law is well-settled that disagreeing with a judge's orders or decisions is not a ground for recusal.

Recusal and disqualification are governed by 28 U.S.C. §§ 144 and 455. The claims presented here fall under Sections 455(a) and 455(b)(1), which read:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;[6]

Section 455(a) provides that any "justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned,"[7] and Section 455 (b)(1) requires recusal when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[8]

As the Fifth Circuit has made clear: "The right to a fair and impartial trial is fundamental to the litigant; fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside. 'Justice must

---

[6] 28 U.S.C § 455
[7] 28 U.S.C. § 455(a).
[8] 28 U.S.C. § 455(b)(1).

satisfy the appearance of justice.' This is the very purpose of 28 U.S.C. § 455(a)."[9]  To determine if recusal is proper, there must be an inquiry into the alleged conflict, and the standard for this inquiry is an objective one.[10] When a party seeks the disqualification or recusal of a judge, the burden is on that party to show that "a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."[11] The Fifth Circuit established that, to succeed, a party must "clear the foregoing hurdles. They must (1) demonstrate that the alleged comment, action, or circumstance was of "extrajudicial" origin, (2) place the offending event into the context of the entire trial, and (3) do so by an "objective" observer's standard."[12]  As demonstrated below, Plaintiff cannot clear these hurdles.

Generally, conduct requiring recusal must come from an "extrajudicial source."  As the Supreme Court explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.[13]

Moreover, it is accepted that:

> Under what the United States Supreme Court describes as the "over broadly characterized" extrajudicial-source doctrine, a judge's disqualifying bias or prejudice, under 28 U.S.C.A. §§ 144, 455(b), usually must result in an opinion on the merits on some basis other than what the judge learned from his or her participation in the case. An extrajudicial source means something above and beyond judicial rulings or opinions formed by the

---

[9] *United States v. Jordan*, 49 F.3d 152, 155-56 (5th Cir. 1995) (quoting *In re Murchison*, 349 U.S. 133, 75 S. Ct. 623, 99 L. Ed. 942 (1955)).
[10] *See Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)("One of the relevant maxims is that the standard for bias is not 'subjective,' as it once was, but, rather, 'objective.'").
[11] *Sensley v. Albritton*, 385 F.3d 591 (5th Cir. 2004).
[12] *Andrade*, 338 F.3d at 455.
[13] *Liteky v. United States*, 510 U.S. 540, 555 114 S. Ct. 1147, 1157 127 L. Ed. 2d 474 (1994).

judge in presiding over the case. The judge's conduct during the proceedings should not, except in the rarest of circumstances, form the sole basis for recusal.[14]

This includes any facts that have been "learned in a judicial capacity."[15]

Plaintiff does not plead any elements of Section 455. He does not specify under which sub-section he requests recusal. He only asserts, without any basis in fact or law, that Judge Bourgeois cannot be impartial, he is biased against Plaintiff because Plaintiff is poor, and Judge Bourgeois is participating in a coverup. Under either sub-section, Plaintiff's motion is denied. The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[16] "Almost invariably, they are proper grounds for appeal, not for recusal."[17]

Further, purported bias cannot be established under the objective standard. Without more specific facts, a "well-informed, thoughtful and objective observer" cannot reasonably conclude from the record in this case that Judge Bourgeois' Order and findings are biased.[18]

---

[14] 8 Fed. Proc., L. Ed. § 20:89 (internal footnotes omitted).
[15] *Id.*
[16] *Liteky,* 510 U.S. at 555.
[17] *Id.*
[18] *Andrade*, 388 F.3d at 454-55 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).

The Court acknowledges that "*[p]ro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers."[19]  However, a *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer,"[20] and as set forth by the district court for the Eastern District of Louisiana: "Courts grant leniency to *pro se* litigants, but this leniency has its limits."[21]

Accordingly, Plaintiff's Motion to Recuse[22] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 30th day of October, 2025.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[19] *Berry v. LoanCity*, 489 F.Supp.3d 441, 446 (M.D. La. 2020)(cleaned up).
[20] *Id.* (cleaned up).
[21] *United States of America v. 1369 Madrid Street, New Orleans, Louisiana 70122*, 2021 WL 5232472, *3 (E.D. La. Nov. 10, 2021).
[22] Rec. Doc. 6.